(59 South. 32.)

No. 19,471.

STATE ex rel. WOOTERS v. DARDENNE, Registrar.

(June 13, 1912.)

*(Syllabus by the Court.)*

1. ELECTIONS (§ 72*) — QUALIFICATIONS OF VOTERS—RESIDENCE.

A citizen, to be entitled to vote, shall have been a bona fide resident of this state for two years, of the parish one year, and of the precinct six months.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 67, 68, 70; Dec. Dig. § 72.*]

2. ELECTIONS (§ 73*) — QUALIFICATIONS OF VOTERS—RESIDENCE.

One who lives in a boat and fishes for a living and floats about on various streams, and who has lived for four months on a certain stream, cannot be said to have acquired a residence for voting purposes at a place situated elsewhere.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 69, 70; Dec. Dig. § 73.*]

3. ELECTIONS (§ 107*)—REGISTRATION — PROCEEDINGS TO COMPEL.

Where one, claiming to be a resident of a certain ward, seeks to compel the registrar of voters to reinscribe his name on the rolls as a voter from that ward, he must show with certainty that he actually resides in that ward.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 104; Dec. Dig. § 107.*]

Appeal from Twenty-First Judicial District Court, Parish of Iberville; C. K. Schwing, Judge.

Mandamus by the State, on relation of John M. Wooters, to T. W. Dardenne, Registrar. From a judgment for defendant, relator appeals. Affirmed.

J. Howell Pugh, for appellant. Borron & Wilbert, for appellee.

BREAUX, C. J. [3] In January, 1912, plaintiff sued for a writ of mandamus to be issued against T. W. Dardenne, registrar of voters of the parish of Iberville, to show cause why his name should not be reinstated on the registration roll of the Eighth ward of the parish as a voter of the ward and of the parish.

The judge issued a rule nisi. In answer relator denied plaintiff's allegations and averred that he had erased the name of relator for the reason that he is not a resident of the Eighth ward.

The issue in the case, it follows, is whether or not plaintiff has the right to have his name reinscribed on the register book as a voter.

The testimony for plaintiff is not clear and positive, but, on the contrary, it is vague, insufficient, and unsatisfactory.

[2] Plaintiff is over 70 years of age and has reared a family who have left him and are serving and shifting for themselves. He stays alone on his boat, which is his only shelter. He testified in January, 1912, at which time his case was heard, that "he has no other residence, not even a cabin on any bank," to shelter him from rains and storms.

He oars his boat to different points, as water is abundant—being near the lakes, it is an æqueous section of country. There

are promising fishing grounds in and near the lakes. He sometimes floats beyond the lines of the subdivision in which he claimed his home into other parishes, where he remains with little concern as to who is the owner of the soil adjacent. When a locality has been fished out, another is resorted to, where he anchors his boat.

The record does not show whether he captures the fish with spear, nets, hooks, or with the more elaborate up-to-date apparatus.

We take it that he fishes with the slow and harmless line cast in streams most favorable to his catch; whether in Iberville, St. Martin, or Iberia, the evidence does not with any degree of certainty inform us.

There is a stream which flows into one of the Atchafalaya Lakes which bears the name of a bird of the order Columbæ. According to plaintiff's testimony, his home for four months, a short time before, was at the southwest corner of the stream where its waters flow into the adjacent lakes. At other times he was elsewhere—even then he was floating around in search of fishing grounds. It does not appear where he lived, except that he lived on the waters.

Now, as relates to the stream or bayou (Pigeon), at the point on that bayou, where relator stayed for the longest period, is not within the boundary of Iberville. The locality mentioned on that stream was very much mentioned years ago. It has become a byword—was spoken of as the home of voters real or imaginary. No one ever suspected for an instant that it was in Iberville. This is common knowledge; besides, Act 130 of 1847 fixes the boundary line.

It may be that now or in the near future this old man will succeed better in localizing his place of residence. In that event this decision will not prevent the receiving of his application and the consideration of his case.

[1] The case as made up will not justify a judgment in relator's favor. Moreover, the judge of the district court must be given the credit of knowing the boundary lines of his territorial jurisdiction. At any rate, until it is made to appear that he has erred, his judgment will be permitted to remain undisturbed. A citizen, to be entitled to vote, shall have been a bona fide resident of this state for two years, of the parish one year, and of the precinct six months. As to the one year or six months relator has not made his case reasonably certain.

Therefore the judgment appealed from is affirmed.